# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES FITZGERALD BRANCH,<br><br>Defendant. | Case No.   2:21-cr-00403-PA<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 31.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

I.

On July 14, 2025, Defendant Charles Fitzgerald Branch ("Defendant") appeared before the Court for initial appearance on the petition and warrant for revocation of supervised release issued in this matter, Case No. 2:21-cr-00403-PA. The Court appointed Humberto Diaz of the CJA Panel to represent Defendant.

///

///

## II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release, the Court finds that:

A. ☒ Defendant submitted to the Government's Request for Detention;

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that he will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

- History of failures to comply with supervision;
- History of absconding;
- No bail resources;
- Criminal conduct while under supervision;
- Drug usage;
- Nature of instant allegations;
- History of homelessness.

D. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that he will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

- Criminal conduct while under supervision;
- Drug usage;
- Nature of instant allegations;
- Extensive criminal history involving drugs and violence.

///
///
///

III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g).] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

IV.

IT IS THEREFORE ORDERED that Defendant be detained pending further proceedings.

Dated: July 14, 2025

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE